UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILROY E. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SUZANNE M. PERRY, et al.,<br><br>    Defendants. | No. 2:16-cv-0367 AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

**I.**     **INTRODUCTION**

Plaintiff is a state prisoner at Kern Valley State Prison (KVSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR).[1] Plaintiff proceeds pro se and in forma pauperis with a First Amended Complaint (FAC) filed pursuant to 42 U.S.C. § 1983, in which he challenges conditions of his prior incarceration at High Desert State Prison (HDSP). By order filed June 24, 2016, the court dismissed plaintiff's original complaint with leave to file an amended complaint, and provided guidance in stating potentially cognizable claims. See ECF No. 6. The court now screens the FAC pursuant to 28 U.S.C. § 1915A. For the reasons set forth

---

[1] Review of the Inmate Locator website operated by CDCR indicates that plaintiff is presently incarcerated at KVSP. See http://inmatelocator.cdcr.ca.gov/search.aspx. See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned). When plaintiff commenced this action, he was incarcerated at California State Prison Sacramento. See ECF No. 1.

1

below, the court finds that the FAC states three potentially cognizable Eighth Amendment claims: Claim Three (food contamination) against defendant Sieber; Claim Six (food contamination) against defendant Rodriquez; and Claim Seven (failure to protect) against defendant Rohon. The court recommends dismissal of all other claims and defendants.

## II. LEGAL STANDARDS FOR SCREENING PRISONER COMPLAINTS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### III.  OVERVIEW: ALLEGATIONS AND CLAIMS IN THE FAC

The FAC asserts seven claims against a total of fourteen defendants, for which plaintiff seeks $10,000,000 in damages. All claims allege deliberate indifference in violation of the Eighth Amendment: Claims One, Two, Four, Five and Seven allege the failure of correctional staff to protect plaintiff's physical safety; Claims Three and Six allege contamination of plaintiff's food. Thus, the court addresses these claims in two groups.[2]

### IV.  FAILURE-TO-PROTECT CLAIMS

#### A.  LEGAL STANDARDS

The court previously informed plaintiff of the following legal standards for stating a deliberate indifference failure-to-protect claim, see ECF No. 6 at 7-9 (fn. omitted):

> A "failure to protect" claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and wellbeing of the prisoner. Farmer, 511 U.S. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[P]rison officials have a duty. . . to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (citation and internal quotation marks omitted).

---

[2] Plaintiff now avers, under penalty of perjury, that he exhausted his administrative remedies on each of his putative claims, although he previously stated that he had not. Cf. ECF No. 1 at 2, and ECF No. 9 at 3-5, 7, 9 and 11. Notwithstanding the court's prior discussion of this matter, see ECF No. 6 at 5-6, the court expresses no opinion at this time regarding exhaustion.

3

As a general rule, "verbal harassment or abuse . . . [alone] is insufficient to state a constitutional deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). A "mere threat" does not state a cause of action, even if it is "a threat to do an act prohibited by the Constitution." Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (threat of bodily harm did not state cognizable civil rights claim).

Nevertheless, verbal harassment that is intended to harm or endanger a prisoner may violate the Constitution. Cf. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (verbal harassment was not "unusually gross even for a prison setting . . . [nor] calculated to and did cause him psychological damage"). "A prisoner may state an Eighth Amendment claim under § 1983 for [] harassment only if the alleged harassment was sufficiently harmful, that is, a departure from 'the evolving standards of decency that mark the progress of a maturing society,' and the defendant acted with intent to harm the prisoner." Minifield v. Butikofer, 298 F. Supp. 2d 900, 903 (N.D. Cal. 2004) (sexual harassment) (quoting Hudson, 503 U.S. at 6, 8) (additional citation omitted). Thus, a correctional officer calling a prisoner "a 'snitch' in the presence of other inmates [it] is 'material' to a section 1983 claim for denial of the right not to be subjected to physical harm by employees of the state acting under color of law." Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989); accord, Thomas v. D.C., 887 F. Supp. 1, 4-5 (D.D.C. 1995) (allegations that correctional officer "sexually assaulted and harassed [plaintiff] and told other inmates that he was a homosexual and a 'snitch' . . . posed a substantial risk of serious bodily harm . . . [which, together with that failure of prison officials to] take reasonable measures to guarantee his safety . . . is enough to demonstrate deliberate indifference and may form the basis of an Eighth Amendment claim."). In Flores v. Wall, plaintiff alleged that two correctional officers were spreading rumors that plaintiff was homosexual and a snitch. Relying on several similar cases, the district court found plaintiff's allegations sufficient to state a claim for deliberate indifference to plaintiff's safety. See 2012 WL 4471101, at *12, 2012 U.S. Dist. LEXIS 136668, at *41-2 (D.R.I. Aug. 31, 2012), report and recommendation adopted, 2012 WL 4470998, 2012 U.S. Dist. LEXIS 139972 (D.R.I. Sept. 25, 2012) (Case No. CA 11-69 M).

Pursuant to these legal standards, to state a cognizable failure-to-protect claim against a specific correctional officer, plaintiff must allege that the specified officer, on a given date, engaged in specific conduct that demonstrates the officer knew of a substantial risk to plaintiff's safety and disregarded that risk. Plaintiff must describe the challenged conduct in sufficient detail to demonstrate that defendant was aware of the objectively serious risk to plaintiff's safety and intentionally disregarded it.

////

4

### B. **PLAINTIFF'S FAILURE-TO-PROTECT CLAIMS**

### CLAIM ONE

**Plaintiff's Allegations**: Plaintiff alleges that on February 27, 2014, in the Sergeant's Office located in the HDSP Facility D Program Office, plaintiff reported "acts of sexual misconduct and safety concern issues" to Sergeant Fletcher, Correctional Officer Cross, and an unknown correctional officer. ECF No. 9 at 3. The officers expressed disbelief, removed plaintiff's handcuffs, and directed him to return to his living quarters. While exiting the office, plaintiff overheard the officers discuss whether they would protect plaintiff from being stabbed by other inmates, and concluded that they would not. Specifically, plaintiff heard Sergeant Knedler say that he "has been looking into [plaintiff's] past and he doesn't like some of the stuff he's found. [Plaintiff] has some stuff in store for him." Id. Plaintiff asserts that hearing this discussion and these comments caused him "psychological damage," and thus supports an Eighth Amendment failure-to-protect claim. Id.

**Analysis**: These allegations, and plaintiff's interpretation of an overheard conversation, are insufficient to support an Eighth Amendment claim. No specific risk to plaintiff's safety is identified, and the facts alleged do not support a reasonable inference that any of the conversing officers knew of and disregarded an objectively serious risk to plaintiff's safety. Moreover, plaintiff cannot recover compensatory damages for mental or emotional injury alone, without a showing of physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act as defined in section 2246 of Title 18)."). The physical injury "need not be significant but must be more than *de minimus*" for purposes of 42 U.S.C. § 1997e(e). Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002); Pierce v. County of Orange, 526 F.3d 1190, 1123-24 (9th Cir. 2008); cf., Oliver at 629 (constitutional violation causing only mental or emotional injury may support an award for nominal or punitive damages under Section 1997(e)). Under these standards, the undersigned finds the allegations of Claim One, that plaintiff suffered purely psychological injury as a result of overhearing officers discuss their disinclination to protect plaintiff from an unspecified attack by other inmates, fails to state a

cognizable Eighth Amendment failure-to-protect claim.

### **CLAIM TWO**

**Plaintiff's Allegations**: Plaintiff alleges that on March 14, 2014, while in a holding cage near the Facility D Program Office, he overheard Correctional Officer Pena tell Institutional Gang Investigator (IGI) Officer Martinez, at the request of Sergeant Knedler, to ignore any statements made by plaintiff – but Pena further stated that he disagreed, and was angry with Knedler because she had stated that she wanted to see plaintiff stabbed and beaten. Id. at 4. Later that day, while in another holding cage near the same area, plaintiff "witnessed and heard C/O Johnson and Sergeant Knedler in conversation about whether I would be receiving any special treatment while in Ad Seg . . . . [ending when] Knedler stated to C/O Johnson, 'Call the guys and tell them not to give him any special treatment!'" Id. Plaintiff suffered "psychological damage" from overhearing these statements. Id.

**Analysis**: For the reasons explained in relation to Claim One, plaintiff's allegations of an overheard conversation that caused him exclusively psychological harm, without any specific or objectively serious threat to plaintiff's safety, do not state a cognizable failure-to-protect claim under the Eighth Amendment.

### **CLAIM FOUR**

**Plaintiff's Allegations**: Plaintiff alleges that on November 27, 2014, in the Facility D Yard Program Office, he reported "sexual misconduct and safety concerns" to "clinician Krause." ECF No. 9 at 6. As plaintiff was returned to a holding cage located on the Program Office floor, plaintiff witnessed Krause enter Sergeant Knedler's office and heard Krause report plaintiff's allegations to Knedler and Correctional Officer Davis. Plaintiff then "heard and witnessed" Davis make disparaging statements about plaintiff to Krause, including that plaintiff has "twenty kids he does nothing for," and a sexually transmitted disease "our women" need to be protected from. About an hour later, when Davis and Sergeant Sharpe escorted plaintiff from the Program Office, plaintiff inquired, "You guys aren't going to do your jobs are you?" Davis answered, "Not for you we're not so just give it up because your [sic] not going to win here Johnson." Id. Plaintiff suffered "psychological damage." Id.

**Analysis**: As with claims One and Two, plaintiff's allegations of emotional distress caused by defendants' statements do not support a failure-to-protect claim under the Eighth Amendment. The facts alleged do not establish the existence of a specific or objectively serious risk to plaintiff's safety. Accordingly, the allegations of Claim Four do not provide a basis for relief.

## CLAIM FIVE

**Plaintiff's Allegations**: Plaintiff alleges that on December 31, 2014, in the Facility D-8 Block dining hall, plaintiff was placed "in a holding cage for the purpose of an unclothed search in the presence of Sergeant Walker, Correctional Officer Kelly and several other unidentified officers." ECF No. 9 at 8. The search was conducted by Correctional Officer Flice who directed plaintiff to "pull the flap back on your penis." Id. Plaintiff objected, explaining that the request was not routine procedure, but Flice persisted and threatened to pepper spray plaintiff if he did not comply. Flice acted aggressively and menacing, shaking a can of pepper spray while directing plaintiff to comply; plaintiff complied. Plaintiff alleges that while being escorted back to his cell, he heard an unknown correctional officer state to Flice, "Why did you do that, you know we don't do that anymore." Id. Flice reportedly responded, "Because I wanted to see if the rumors were true!" Sergeant Walker then reportedly stated to Flice, "Don't ever front me off like that again," to which Flice responded, "I'm sorry you know how I am." Id. at 8-9. Based on these circumstances and plaintiff's resulting "psychological damage," plaintiff asserts a violation of his Eighth Amendment rights. Id.

**Analysis**: The allegations that Flice threatened to pepper spray plaintiff if he did not comply with an unauthorized procedure support a reasonable inference that the challenged conduct was intended solely to satisfy Flice's curiosity rather than for some legitimate penological purpose. However, while disturbing, this conduct took place during an authorized strip search, was limited to a single incident of limited duration, did not include any touching by Flice or other officers, and did not involve sexually inappropriate comments. Sexually inappropriate conduct that does not include touching, or includes only brief inappropriate touching, are generally found not to support liability under the Eighth Amendment. See Watison

v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (collecting cases) (officer's brief touching of plaintiff's thigh and suggestive facial expression while prisoner was on the toilet was not "objectively 'harmful enough' to establish a constitutional violation" under the Eighth Amendment); see also Johnson v. Carroll, 2012 WL 2069561, at *29-30, 2012 U.S. Dist. LEXIS 79380, at *87-90 (E.D. Cal. June 7, 2012) (Case No. 2:08-cv-1494 JAM KJN P) (collecting cases), report and recommendation adopted Aug. 28, 2012. Moreover, the challenged conduct does not come within the definition of an actionable "sexual act" as defined in 18 U.S.C. § 2246, and is not cognizable under 42 U.S.C. § 1997e(e) because it alleges only psychological harm. For these reasons, the court finds that the alleged conduct of Officer Flice was not sufficiently harmful to support a cognizable Eighth Amendment claim.

## **CLAIM SEVEN**

**Plaintiff's Allegations**: Plaintiff alleges that on July 1, 2015, on the Facility D upper yard basketball court, he was assaulted by two inmates, one of whom kicked plaintiff in the face while saying, "Stop snitching, you bitch ass nigger. You fucking shut up for everybody else." ECF No. 9 at 11. As plaintiff was being escorted from the yard, a "correction officer by the name of (Row-hon?) stated to me, 'See what we made happen? See how we do? This is what happens when you fuck with us.'" Id. Plaintiff alleges his injury was "bruises to the face." Id.

These allegations are consistent with those in plaintiff's original complaint, in which plaintiff alleged that on July 1, 2015 he was attacked by two inmates and sustained facial injuries. See ECF No. 1 (original complaint) at 13-4, 36-7. Plaintiff alleged that custody staff watched the attack and allowed it to proceed for about three minutes before intervening. At the infirmary, while plaintiff was being treated by a nurse, Correctional Officer "Rohana" told plaintiff, "See what we made happen? See how we do? This is what happens when you [mess] with us, this is how High Desert does it." Id. at 13. Plaintiff was later taken to the local hospital where custody staff shared a picture of plaintiff's swollen face and said, "Look what we did to Johnson." Id. After his return to HDSP, correctional staff failed to seriously consider plaintiff's safety fears. Id. at 13-4.

////

8

1     **Analysis**: When "a prisoner seeks to hold a prison employee individually liable because another prisoner attacked him, the prisoner must establish individual fault." Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (citations omitted). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Id. at 633. Such allegations "must focus on whether the individual defendant was in a position to take steps to avert the [alleged] incident, but failed to do so intentionally or with deliberate indifference," that is, "a very individualized approach which accounts for the duties, discretion, and means of each defendant." Leer, 844 F.2d at 633-34.

    The FAC identifies a Correctional Officer Rohon as one of the defendants in this case. See ECF No. 9 at 2. Although the vague statements attributed to Rohon reference a collective "we" and "us," the court finds these allegations sufficient, for pleading purposes, to state a cognizable failure-to-protect claim against Rohon. Premised on Rohon's own alleged statements, these allegations support an inference that Rohon (and perhaps others) knew of and disregarded (or, more egregiously, arranged) an objectively serious risk of harm to plaintiff, and disregarded the risk. See Farmer, 511 U.S. at 837-39. Therefore, the court finds that plaintiff can proceed on Claim Seven of his FAC, on his Eighth Amendment failure-to-protect claim against defendant Rohon.

### V. FOOD CONTAMINATION CLAIMS

#### A. LEGAL STANDARDS

The court previously informed plaintiff of the following legal standards for stating an Eighth Amendment claim premised on food contamination, see ECF No. 6 at 9-10:

> "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000) (citations and internal quotation marks omitted). "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation omitted). "The fact that the food

occasionally contains foreign objects . . . while unpleasant, does not amount to a constitutional deprivation." Id. (citation and internal quotation marks omitted). However, "[p]reventing disease and protecting the health of inmates are legitimate penological goals." McClure v. Tucker, 276 Fed. Appx. 574, 575 (9th Cir. 2008). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995).

Hence, deliberate food tampering and/or contamination, with the intent to cause a prisoner psychological and/or physical harm, may be actionable under the Eighth Amendment depending on the "circumstances, nature, and duration" of the challenged conduct. Johnson, 217 F.3d at 731-32. As with other Eighth Amendment conditions-of-confinement claims, a claim based on tampered and/or contaminated food must satisfy both the objective component that the alleged deprivation of adequate food was "sufficiently serious," and the subjective component that the prison official acted with a "sufficiently culpable state of mind," Farmer, 511 U.S. at 834, that is, that the official knew of and disregarded an excessive risk to plaintiff's health, id. at 837.

Pursuant to these legal standards, to state a cognizable claim based on food tampering and/or contamination, plaintiff must allege additional facts. Each alleged incident should include the date; plaintiff's housing at the time and the subject meal; a description of the alleged contamination; the identity of the alleged perpetrator; and the identity of any other correctional staff member who knowingly delivered the contaminated food to plaintiff and/or failed to correct the problem. Plaintiff must describe each challenged incident with sufficient detail to show that each defendant allegedly involved in the incident was aware of an objectively serious risk to plaintiff's health and but disregarded the risk.

### B. PLAINTIFF'S FOOD CONTAMINATION CLAIMS

### CLAIM THREE

**Plaintiff's Allegations**: Plaintiff alleges that on March 15, 2014, in HDSP's "Facility Standalone at chow time," after beginning to eat his meal served by an unknown correctional officer, plaintiff discovered "a thick slimy off-white substance which I identified as semen." ECF No. 9 at 5. Plaintiff immediately spat the food in his mouth into the toilet, as well as the food remaining on the tray, and flushed the toilet. Later Sergeant Sieber came to plaintiff's cell door and asked him, "with a smile on his face," if plaintiff had enjoyed his meal. An unknown correctional officer walked up to Sieber and said, "Dude, did you really mix semen into that dude's food? You know he's really not a sodomite right?" to which Sieber reportedly replied,

10

"They told me all that stuff is true." Id. The officers then walked away from plaintiff's cell door. Plaintiff contends that this contaminated food made him ill and caused him to fall "into a stressful mind state" in violation of his Eighth Amendment rights. Id.

**Analysis**: The undersigned finds these allegations sufficient to state a cognizable Eighth Amendment claim against defendant Sieber. Plaintiff avers that Sieber implicitly acknowledged to another officer, in plaintiff's presence, that he had contaminated plaintiff's food with semen. Plaintiff contends that the contamination made him physically ill. These allegations meet the requirements that the alleged conduct be "sufficiently serious" to form the basis for an Eighth Amendment violation, and demonstrate that defendant acted "with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Therefore, the court finds that plaintiff should be permitted to proceed on Claim Three of his FAC, against defendant Sieber.

### CLAIM SIX

**Plaintiff's Allegations**: Plaintiff alleges that on February 20, 2015, while in Facility D-8 B Section Cell 219 during evening meal time, he watched Correctional Officers Rodriquez and Morales passing out food trays. Plaintiff witnessed Rodriquez "bend slightly at the waste [sic] and spit onto the dinner tray he handed me through the tray slot." ECF No. 9 at 10. Later on that evening, when Rodriquez was escorting Nurse "O," plaintiff called Rodriquez to his cell door and asked him in the nurse's presence, "Does it make you feel like a bigger man to spit into people's food?" Rodriquez replied, "since your [sic] gonna put it like that, then yes, yes it does," and walked away. Id. Plaintiff asserts he has suffered "psychological and physical damage," including weight loss. Id.

**Analysis**: The undersigned finds these allegations sufficient to state a cognizable Eighth Amendment claim against defendant Rodriquez. Plaintiff avers that he watched Rodriquez spit in his food, that Rodriquez later implicitly acknowledged doing so, and that plaintiff has suffered weight loss as a result. This claim reflects "sufficiently serious" conduct to support an Eighth Amendment violation, and demonstrates that defendant acted "with a sufficiently culpable state of mind." Johnson, 217 F.3d at 731 (quoting Wilson, 501 U.S. at 298). Therefore, the court finds

11

that plaintiff should be permitted to proceed on Claim Six of his FAC against defendant Rodriquez.

## VI. SUMMARY FOR PRO SE PLAINTIFF

Most of the allegations of your First Amended Complaint (FAC) are too general to state a cognizable Eighth Amendment claim, or are based on things that don't violate the constitution. For example, statements by correctional officers that they don't care about your safety may be wrong and upsetting, but unless your safety is actually in danger and they fail to act, there is no constitutional violation. Similarly, the incident with Officer Flice may have been humiliating, but it was an isolated incident that did not involve touching or other conduct that would constitute an assault or harassment, so it cannot support an Eighth Amendment claim.

However, three of your claims state facts which might, if proved, establish violations of your constitutional rights. The facts you allege support the following cognizable claims: (1) an Eighth Amendment failure-to-protect claim against defendant Rohon (Claim Seven): (2) an Eighth Amendment food contamination claim against defendant Sieber (Claim Three); and (3) an Eighth Amendment food contamination claim against defendant Rodriquez (Claim Six). The court will direct you to provide the information necessary for the United States Marshal to serve process on these defendants, and will recommend to the district judge the dismissal of all other claims and defendants.

## VII. CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a district judge to this action.

2. This action shall proceed on plaintiff's First Amended Complaint (FAC), ECF No. 9, on plaintiff's Claims Three, Six and Seven.

3. Service of process is appropriate for defendants Rohon, Sieber and Rodriquez.

4. The Clerk of the Court is directed to send plaintiff three USM-285 forms, one summons, an instruction sheet, and four copies of the endorsed FAC.

5. Within thirty (30) days after service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Three completed USM-285 forms, one for each defendant; and

    d. Four copies of the endorsed FAC.

  6. Plaintiff shall not attempt service on any defendant or request a waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  7. Failure of plaintiff to timely comply with this order will result in the dismissal of this action without prejudice.

  Further, IT IS HEREBY RECOMMENDED that:

  1. Claims One, Two, Four and Five of the First Amended Complaint be dismissed without prejudice for failure to state a cognizable claim; and

  2. Defendants Knedler, Davis, Morales, Flice, Walker, Krause, Fletcher, Cross, Sharpe, Pena and Martinez be dismissed without prejudice for lack of cognizable claims against them.

  These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2018

                _/s/ Allison Claire_
                ALLISON CLAIRE
                UNITED STATES MAGISTRATE JUDGE

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | | |
| 11 | GILROY E. JOHNSON, | No. 2:16-cv-0367 AC P |
| 12 | Plaintiff, | |
| 13 | v. | NOTICE OF SUBMISSION |
| 14 | SUZANNE M. PERRY, et al., | |
| 15 | Defendants. | |

Plaintiff submits the following documents in compliance with the court's order filed _____:

\_\_\_\_   one completed summons form

\_\_\_\_   three completed USM-285 forms

\_\_\_\_   four copies of the endorsed FAC

_____       _____
Date                                                                               Plaintiff